```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
ARMAND EVANGELISTA, ET AL.,

            Plaintiff,
                                          ORDER
    - against -
                                          No. 24-CV-5292(KAM)(MMH)
LATE STAGE ASSET MANAGEMENT, LLC, ET
AL.

            Defendants.
-----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Pending before the Court is a motion to stay the instant proceedings, filed on November 12, 2025 by Defendant Joseph Passalaqua ("Passalaqua"). (ECF No. 59 at 5-6.) On December 29, 2025, the Court received two additional letter motions to stay from (1) Defendants Late Stage Asset Management ("Late Stage"), Vero Enterprise Holdings, LLC ("Vero"), Marcello Follano ("Follano") (ECF No. 79), and (2) Defendants American Biocarbon, LLC, Earth to Energy, Inc., Green Life Farms, Inc., CS Solutions, Inc., and Jean Halle (ECF No. 80). For ease of reference, all defendants who filed December 29 letter motions to stay (ECF Nos. 79 & 80) will be referred to herein as the "Non-Indicted Defendants."

For the reasons below, Mr. Passalaqua's motion to stay is **DENIED** without prejudice to renew, and the Non-Indicted Defendants' motions to stay are **DENIED** without prejudice to renew.

**I.  Mr. Passalaqua's Motion to Stay**

Mr. Passalaqua asserts that this action should be stayed in light of the ongoing parallel criminal proceedings where he is a defendant.  (ECF No. 59 at 6-7.)

In determining whether to stay civil proceedings pending resolution of a related criminal matter, the Court must make a "particularized inquiry into the circumstances of, and the competing interests in, the case."  *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012).  The factors include:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.  *Id.*

Each factor is addressed in turn.  Plaintiffs do not dispute that the first two factors weigh in favor of a stay. Mr. Passalaqua has been indicted in the criminal proceeding which is proceeding to trial in April 2026, and the parallel civil and criminal proceedings involve nearly identical facts.  (ECF No. 60 at 5.)

As to the third factor, the Court finds that Plaintiffs have a substantial interest in proceeding expeditiously.  The instant action was filed on July 29, 2024, and the parties have yet to

2

file motions to dismiss – much less engage in discovery. Moreover, as Plaintiffs allege, there may be numerous putative class members who have lost substantial amounts of money and are awaiting recovery in this action. (*Id.* at 6.) Although Mr. Passalaqua asserts that he will be prejudiced absent a stay, his sole reasoning appears to be that he will be "compromised by parallel civil discovery." (ECF No. 59 at 7.) Given the automatic stay of discovery under the Private Securities Litigation Reform Act ("PSLRA"), no discovery is permitted to occur until after any motions to dismiss have been decided. 15 U.S.C. § 75u-4(b)(3)(B). Even if the Court denied Mr. Passalaqua's motion to stay, he would still not be imminently subject to discovery. Accordingly, the Court finds that Mr. Passalaqua's motion is premature, that he would not be prejudiced at this juncture, and this factor weighs against a stay.

As to the fourth and sixth factors, although Mr. Passalaqua has a substantial interest in maintaining his Fifth Amendment rights as his criminal case is ongoing, such rights do not appear to be implicated here. *See Motorola, Inc. v. Abeckaser*, No. 07-CV-3963(CPS)(SMG), 2009 WL 816343, at *3 (E.D.N.Y. Mar. 26, 2009). Moreover, Mr. Passalaqua himself has not described how, precisely, his Fifth Amendment rights would be implicated. (*See* ECF No. 59 at 7.)

Finally, the Court's interest in judicial economy does not

3

weigh in favor of a stay. At this preliminary juncture, there is no judicial efficiency that is gained or lost from parties filing motions challenging the sufficiency of a pleading. If such a stay is warranted after any motions to dismiss are decided, Mr. Passalaqua may renew his motion. Accordingly, Mr. Passalaqua's motion to stay is **DENIED** without prejudice to renew.

## II. The Non-Indicted Defendants' Motions to Stay

The Non-Indicted Defendants assert that, if the Court stays the action against Mr. Passalaqua, the Non-Indicted Defendants would suffer "severe prejudice" from not being able to obtain discovery from Mr. Passalaqua. (ECF No. 79 at 1; *see* ECF No. 80 at 1.) Aside from concerns regarding discovery, the Non-Indicted Defendants raise no further arguments regarding prejudice. Moreover, the Non-Indicted Defendants do not explain how, if at all, they are prejudiced by proceeding through any motion to dismiss briefing.

As an initial note, none of the Non-Indicted Defendants have been indicted and have not represented that they are even subject to criminal investigation. Accordingly, there are no Fifth Amendment considerations weighing in favor of a stay. *See Fidelity Funding of Cal. v. Reinhold*, 190 F.R.D. 45, 53 (E.D.N.Y. 1997) (noting that a stay is "generally appropriate only after the criminal investigation of the defendant seeking the stay has ripened into an indictment" (internal quotations omitted)).

4

As Plaintiffs assert, the PSLRA automatically stays discovery until any motions to dismiss have been decided. 15 U.S.C. § 75u-4(b)(3)(B). As discussed above, the asserted prejudice by the Non-Indicted Defendants would not ripen until any motions to dismiss have been decided. To date, the parties have yet to brief any motions to dismiss and, in turn, discovery has yet to proceed. Accordingly, the Court finds that the Non-Indicted Defendants' motions to stay are premature and are **DENIED** without prejudice to renew, if and when applicable.

## CONCLUSION

For the foregoing reasons, Mr. Passalaqua's and the Non-Indicted Defendants' motions to stay are **DENIED**.

In accordance with the undersigned's Chambers Practices, any defendants who wish to move to dismiss the Second Amended Complaint shall serve, but not file, their motion and accompanying memorandum of law by **January 30, 2026.** Plaintiffs shall serve, but not file, a response to any motions to dismiss by **February 20, 2026.** Moving defendants shall serve a reply, if any, by **March 6, 2026.** On **March 6, 2026**, all motion papers shall be filed on the docket in chronological order.

**So ordered.**

Dated:   January 13, 2026
         Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

5