# EXHIBIT D

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ---------------------------------------------------------------------- X | | |
| ARMAND EVANGELISTA, Individually And on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| -against- | ) ) | |
| LATE STAGE ASSET MANAGEMENT, LLC, PRIOR 2 IPO INC., CAPITAL TRUTH HOLDINGS LLC, CAPITAL TRUTH ADVISORS LLC, PRE-IPO MARKETING INC., JL RIVERA ENTERPRISES LTD., VALEO CAPITAL CORPORATION, VERO ENTERPRISE HOLDINGS LLC, EARTH TO ENERGY, INC., AMERICAN BIOCARBON, LLC, GREEN LIFE FARMS, INC., CS SOLUTIONS, INC., RAYMOND J. PIRRELLO, JR., MARCELLO FOLLANO, JOSHUA CILANO, ROBERT CASSINO, ANTHONY DITUCCI, JOSEPH RIVERA, JOSEPH PASSALAQUA and JEAN HALLE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DECLARATION OF RAVINDRA PUMAGAME IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION** Case No. 24-cv-05292-KAM-MMH |
| Defendants. | ) ) ) ) | |
| ---------------------------------------------------------------------- X | | |

I, Ravindra Pumagame, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am over eighteen years of age and am competent to make this Declaration.

2.     I submit this Declaration based upon my personal knowledge and in support of Plaintiffs' Motion for Temporary Restraining Order and Order To Show Cause for Preliminary Injunction.

3.     I am an investor in one or more investment funds organized or managed by Late Stage Asset Management, LLC ("Late Stage").

4. Unless otherwise stated, the facts set forth in this Declaration are based upon my personal knowledge, my communications with Late Stage and its representatives, and records maintained in connection with my investments.

5. On or about August 3, 2023, I had the opportunity to invest in pre-IPO shares of Space Exploration Technologies Corp. ("SpaceX") by investing in an economic interest in actual pre-IPO SpaceX shares.

6. I understood that Late Stage, directly or through an affiliated entity, would use my investment funds to acquire and hold the corresponding SpaceX shares until the shares could be distributed or the investment otherwise liquidated.

7. I invested approximately $105,000 in Late Stage's SpaceX offering. Based upon the purchase price represented to me, my investment corresponded to approximately 1,000 (one-thousand) SpaceX shares or share equivalents at the price of $105 per share.

8. A true and correct copy of the records reflecting my payment is attached as Exhibit A.

9. Following my investment, Late Stage provided me with access to an online investor portal reflecting my SpaceX investment.

10. Those records represented that I owned an interest corresponding to approximately 1,000 SpaceX shares.

11. On or about March 22, 2026, to lower its price per share SpaceX announced a 5-for-1 stock split.

12. Soon after, on or about, March 24, 2026 I attempted to access the Late Stage portal to see the state of my investment. I was unable to do so at the time, and I received an indication that the portal was not online.

Docusign Envelope ID: 16540EAB-36A8-89BC-82CE-7F8479869C40

13.     When the portal came back online, there was no evidence of the stock split, and my account displayed the same 1,000 shares I had previously invested in prior to the stock split.

14.     At the time, I reached out to Late Stage about this discrepancy, and they informed me that they would update the portal when they had received official details about the split.

15.     The Late Stage portal did not reflect the stock split until months after the split had happened, only updating on or about May 28, 2026.

16.     I have corresponded online with various online groups of investors who purchased pre-IPO SpaceX shares through Late Stage and who had the same experience.

17.     On July 1, 2026, Late Stage informed investors, myself included, that it had liquidated approximately 70-80% of their SpaceX positions, and that they would keep investors informed as proceeds were received and distributed. A copy of this email is attached to this Declaration as Exhibit B.

18.     Late Stage also did not provide documentation establishing where my SpaceX shares were being held, who had legal title to them, or whether they had been transferred.

19.     The next week, on or about July 9, 2026, I reached out to Late Stage to request assistance with transferring the SpaceX interests I had invested into my brokerage account.

20.     Marcello Follano responded and informed me that I would be unable to access my shares or interests as the SpaceX shares were currently in a lock-up period. Upon my challenging this, Follano explained that the shares were no longer locked-up, but that Late Stage had liquidated my funds and would distribute the proceeds to me.

21.     True and correct copies of my written communications with Late Stage and its representatives are attached as Exhibit C.

Docusign Envelope ID: 16540EAB-36A8-89BC-82CE-7F8479869C40

22.     Late Stage also did not provide documentation establishing where my SpaceX shares were being held, who had legal title to them, or whether they had been transferred.

23.     I did not at any point agree to have my SpaceX interests sold.

24.     Despite that, Marcello Follano said that Late Stage had the right to sell the shares without my permission and that I should wait for Late Stage to distribute my proceeds.

25.     Currently, Late Stage has neither delivered the SpaceX shares to me nor has it sent me any proceeds from any purported transactions it has entered into to liquidate my shares.

26.     I reiterate that I have not received the proceeds from any sale, repurchase, recall, or liquidation of the SpaceX investment.

27.     I reviewed the bank accounts and other financial accounts through which I would have received any distribution from Late Stage, and those records do not reflect any payment corresponding to the purported sale or repurchase of my SpaceX investment.

28.     I have not received an accounting explaining: (a) the number of shares purportedly sold; (b) the date on which they were sold; (c) the purchaser of the shares; (d) the sale price; (e) any fees or deductions taken from the proceeds; (f) the account into which the proceeds were deposited; or (g) why those proceeds were not delivered to me.

29.     Late Stage did not provide proof that any payment had been made.

30.     As of the date of this Declaration, I have not received: (a) the SpaceX shares or interests I purchased; (b) the proceeds from any purported sale or repurchase of those interests; (c) a complete accounting of the investment; or (d) reliable documentation identifying the present holder or custodian of the underlying SpaceX interests.

31.     I am concerned that the SpaceX interests purchased with my funds may be transferred, sold, or placed beyond my ability to recover them. I am also concerned that, if the

interests are liquidated and the proceeds are distributed, it will become substantially more difficult to determine what happened to my investment.

32. A temporary order preserving the relevant SpaceX interests and related proceeds would prevent further transfer of the property while the parties obtain records concerning its ownership and chain of title.

33. Additionally, expedited discovery would assist in determining whether my SpaceX investment is included in, related to, or traceable to the SpaceX interests that are the subject of the transaction described in Plaintiffs' motion.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:_____7/16/2026_____ at:_____Cupertino_____

/s/ _____
RAVINDRA PUMAGAME